# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:15-CR-00028-11 |
| v. | (Judge Brann) |
| PERMAESHWAR SINGH, | |
| Defendant. | |

## MEMORANDUM OPINION

**MARCH 11, 2021**

Currently pending before the Court is Permaeshwar Singh's motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] Singh contends that he is entitled to compassionate release due to the COVID-19 pandemic and his particular susceptibility to the virus.[2] The Government opposes the motion on the ground that Singh has been fully vaccinated against COVID-19.[3]

### I.   BACKGROUND

In 2016, Singh pled guilty, pursuant to a written plea agreement, to conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846.[4] Singh was thereafter sentenced to a term of 180 months' imprisonment after the Court

---

[1]   Doc. 615.
[2]   *Id.*
[3]   Doc. 623.
[4]   Docs. 269, 290.

determined that he was a career offender.[5] That sentence was driven largely by the seriousness of the offense—this Court noted at the time of sentencing the number of deaths caused from heroin overdoses, and calculated Singh as being responsible for distributing a minimum of 28,000 doses of heroin in the Williamsport, Pennsylvania area.[6] Nevertheless, the Court varied downward from the bottom of the Sentencing Guidelines range to avoid unwarranted sentencing disparities.[7] That sentence was later vacated after it was determined that Singh did not qualify as a career offender and, in August 2020, the Court resentenced Singh to 108 months' imprisonment.[8]

Singh's conviction followed a string of prior convictions in the early-to-mid 2000s for a number of offenses, including (1) unlawful possession of marijuana and unlawful possession of a weapon, (2) criminal possession of a controlled substance, (3) attempted assault with the intent to cause physical injury with a weapon, (4) criminal possession of a controlled substance with the intent to distribute, and (5) criminal possession of cocaine base.[9] Singh is currently incarcerated at the Federal Correctional Institute Otisville, located in Otisville, New York.

In his motion for compassionate release, Singh asserts that he suffers from type 2 diabetes mellitus, obesity, hypertension, and hyperlipidemia, all of which

---

[5] Doc. 471.
[6] Doc. 486 at 26.
[7] Id.
[8] Docs. 548, 565, 566, 599.
[9] Doc. 446 at 10-12.

place him at a higher risk of serious illness or death should he contract COVID-19.[10] The Government responds that Singh has now received both doses of the Moderna COVID-19 vaccine and, accordingly, argues that COVID-19, in combination with Singh's underlying health conditions, no longer presents an extraordinary and compelling reason to grant compassionate release.[11] Singh has filed responses to the Government reply, rendering this motion ripe for consideration.[12] For the following reasons, Singh's motion will be denied.

## II.  DISCUSSION

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization."[13] Congress has provided courts with the authority to modify sentences through its enactment of 18 U.S.C. § 3582(c)(1)(A). That statute permits courts to reduce an inmate's sentence if the inmate has exhausted his administrative remedies[14] and if, as relevant here, "extraordinary and compelling reasons warrant such a reduction."[15] Courts should also consider the relevant § 3553(a) sentencing factors[16] and whether "the defendant

---

[10]  Doc. 615 at 10-22.
[11]  Doc. 623.
[12]  Docs. 627, 628.
[13]  *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007).
[14]  There is no dispute that Singh has exhausted his administrative remedies. *See* Doc. 615-2.
[15]  18 U.S.C. § 3582(c)(1)(A)(i).
[16]  *Id.*

is . . . a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."[17]

Congress has not defined the term "extraordinary and compelling." The Sentencing Guidelines define the term to include a terminal illness, or any non-terminal illness "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[18] This definition is not, however, authoritative, as "[t]he [Sentencing] Commission has not updated its policy statement to account for the changes imposed by the First Step Act, and the policy statement is now clearly outdated."[19] Thus, while "the Policy Statement provides useful guidance for district courts in assessing a defendant's eligibility for compassionate release, . . . it does not constrain a court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3852(c)(1)(A)."[20] "The burden rests with the defendant to show that a reduction in sentence is proper."[21]

---

[17] U.S. Sentencing Guidelines Manual § 1B1.13(2).
[18] Id. § 1B1.13, cmt. n.1(A).
[19] United States v. Rodriguez, 451 F. Supp. 3d 392, 397 (E.D. Pa. 2020).
[20] United States v. Guzman, No. 3:16-CR-85, 2020 WL 4515476, at *3 (M.D. Pa. Aug. 5, 2020) (brackets and internal quotation marks omitted).
[21] United States v. Rengifo, No. CV 1:13-CR-00131, 2020 WL 4206146, at *2 (M.D. Pa. July 22, 2020).

As an initial matter, the Court notes that the existence of COVID-19 cannot alone justify compassionate release. As the United States Court of Appeals for the Third Circuit has explained:

> We do not mean to minimize the risks that COVID-19 poses in the federal prison system, . . . But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.[22]

Thus, to demonstrate extraordinary and compelling reasons for compassionate release, movants must show that they are particularly susceptible to serious illness or death should they contract COVID-19, usually as a result of one or more underlying comorbidities.

The Court concludes that Singh has not sustained his burden of establishing that extraordinary and compelling reasons weigh in favor of granting compassionate release, despite the existence of underlying medical conditions that increase his susceptibility to serious illness as a result of COVID-19. Singh's medical records confirm that he is obese—with an approximate BMI of 33.4—and suffers from type 2 diabetes mellitus.[23] The Centers for Disease Control and Prevention (CDC) lists these conditions as factors that increase an individual's risk for serious

---

[22] *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).
[23] Doc. 618 at 3, 9, 11; Doc. 446 at 13.

complications from COVID-19.[24] The risks posed by these conditions have been confirmed by numerous studies.[25] This would ordinarily lead the Court to conclude that Singh is at an increased risk of serious illness or death from COVID-19 and, therefore, that extraordinary and compelling reasons permit the Court to grant compassionate release.[26]

Nevertheless, the Court concludes that Singh's recent vaccination mitigates his risk from COVID-19 to such an extent that COVID-19, in combination with Singh's underlying conditions, no longer presents an extraordinary and compelling reason to grant compassionate release. Although vaccines are not one hundred percent effective, the CDC states that "[c]urrently authorized vaccines in the United States are highly effective at protecting vaccinated people against symptomatic and

---

[24] *See* Centers for Disease Control and Prevention, *Coronavirus Disease 2019, People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 9, 2021).

[25] *See* Centers for Disease Control and Prevention, *Evidence Used to Update the List of Underlying Medical Conditions that Increase a Person's Risk of Severe Illness from COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (last visited Mar. 9, 2021).

[26] *See United States v. Aguilera-Quinjano*, No. 4:96-CR-00201-02, 2020 WL 6083401, at *2 (M.D. Pa. Oct. 15, 2020) (concluding that obesity and type 2 diabetes mellitus constitute extraordinary and compelling reasons to grant compassionate release).

severe COVID-19."[27] Vaccines are particularly effective at preventing "severe illness and death."[28]

The Moderna vaccine, which Singh has received, has a 94.1% efficacy rate,[29] and was found with high certainty to prevent symptomatic COVID-19, and with moderate certainty to prevent hospitalization related to COVID-19.[30] In that vein, during Moderna's clinical trial, not a single person who received the vaccine developed severe COVID-19 symptoms.[31] While new variants of COVID-19 have emerged, the Moderna vaccine remains equally effective against many of the new variants and, although the vaccine is less effective against the B.1.351 variant, one study has shown that the Moderna vaccine still provides "significant neutralization against the full B.1.351 variant following" vaccination.[32]

---

[27] Centers for Disease Control and Prevention, *Coronavirus Disease 2019, Vaccines, Interim Public Health Recommendation for Fully Vaccinated People*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html (last visited Mar. 10, 2021).

[28] Centers for Disease Control and Prevention, *Coronavirus Disease 2019, Vaccines, When You've Been Fully Vaccinated*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html (last visited Mar. 10, 2021).

[29] Centers for Disease Control and Prevention, *Coronavirus Disease 2019, Vaccines, Information About the Moderna COVID-19 Vaccine*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html (last visited Mar. 10, 2021).

[30] Centers for Disease Control and Prevention, *Morbidity and Mortality Weekly Report (MMWR), The Advisory Committee on Immunization Practices' Interim Recommendation for Use of Moderna COVID-19 Vaccine—United States, December 2020*, https://www.cdc.gov/mmwr/volumes/69/wr/mm695152e1.htm?s_cid=mm695152e1_w (last visited Mar. 10, 2021).

[31] L.R. Baden, *et al.*, *Efficacy and Safety of mRNA-1273 SARS-CoV-2 Vaccine*, THE NEW ENGLAND JOURNAL OF MEDICINE, https://www.nejm.org/doi/full/10.1056/NEJMoa2035389 (last visited Mar. 10, 2021).

[32] Kai Wu, *et al.*, *mRNA-1273 vaccine induces neutralizing antibodies against spike mutants from global SARS-CoV-2 variants*, available on preprint server bioRxiv,

Although Singh's vaccination does not establish that he is one hundred percent protected from COVID-19, that vaccination does provide significant protection from serious illness or death. To that end, the CDC currently recommends that fully vaccinated individuals may visit indoors with other fully vaccinated individuals—or non-vaccinated individuals who are at low risk from COVID-19—without taking precautions such as wearing masks or social distancing.[33] Fully vaccinated individuals may also "[r]efrain from quarantine and testing following a known exposure if asymptomatic."[34] Indeed, the majority of CDC recommendations for fully vaccinated people indicate that the CDC's primary concern is not with fully vaccinated individuals being hospitalized due to COVID-19, but with such individuals potentially spreading the virus to unvaccinated individuals.[35]

The sum of this data demonstrates to the Court that, as a result of his vaccination, Singh now has significant protection against serious illness or death should he contract COVID-19 and, accordingly, the Court concludes that Singh has not demonstrated that his underlying conditions—in combination with the possibility of a COVID-19 infection—provide extraordinary and compelling reasons

---

https://www.biorxiv.org/content/10.1101/2021.01.25.427948v1.full (last visited Mar. 10, 2021).

[33] Centers for Disease Control and Prevention, *Coronavirus Disease 2019, Vaccines, Interim Public Health Recommendation for Fully Vaccinated People*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html (last visited Mar. 10, 2021).

[34] *Id.*

[35] *See id.*

to grant his motion for compassionate release. This determination is in accord with the vast majority of courts that have considered this issue.[36]

---

[36] *See United States v. Goston*, No. 15-20694, 2021 WL 872215 at *2 (E.D. Mich. Mar. 9, 2021) ("The Court denies Defendant's motion for compassionate release because his access to the COVID-19 vaccine mitigates any extraordinary and compelling reasons that might otherwise justify release"); *United States v. Sims*, No. 15-20694, 2021 WL 872218 at *3 (E.D. Mich. Mar. 9, 2021) (denying compassionate release in part because "the ongoing vaccination program" at the prison mitigates any risks posed by COVID-19); *United States v. Johnson*, No. 3:02-CR-00068-TBR, 2021 WL 863754, at *2 (W.D. Ky. Mar. 8, 2021) (denying compassionate release in part because defendant's "vaccination minimizes any increased risk he faced due to his medical conditions"); *United States v. McQuarrie*, No. 16-20499-1, 2021 WL 843177, at *5 (E.D. Mich. Mar. 5, 2021) ("absent some authority to the contrary, this Court will not deem an underlying susceptibility to COVID-19 'extraordinary and compelling' where the movant is vaccinated against the disease and is not housed in a facility with a substantial outbreak"); *United States v. Williams*, No. CR 403-253, 2021 WL 850987, at *2 (S.D. Ga. Mar. 5, 2021) ("the Court notes that [defendant] recently had his first dose of the Pfizer COVID-19 vaccine, which significantly reduces his risk of exposure"); *United States v. Ulmer*, No. CR 18-00579-3, 2021 WL 844579, at *2 (E.D. Pa. Mar. 5, 2021) (denying compassionate release because, "[c]onsidering [defendant's] minor health concerns, recent recovery from COVID-19 and vaccination, he does not come close to establishing extraordinary and compelling reasons for his release"); *United States v. Shepard*, No. CR 07-85 (RDM), 2021 WL 848720, at *5 (D.D.C. Mar. 4, 2021) ("Given that [defendant] received his first dose of the vaccine about two weeks ago (and, presumably, will receive his second dose in the near future), he cannot show that he needs to be released from prison to protect him from risks associated with COVID-19"); *United States v. Lipscomb*, No. 2:18-CR-34-SPC-NPM, 2021 WL 734519, at *2 (M.D. Fla. Feb. 25, 2021) (no extraordinary and compelling circumstances in part because defendant "received both doses of the Moderna vaccine . . . [which] is highly effective against COVID-19. And [defendant] makes no argument as to how extraordinary and compelling circumstances might exist following his vaccinations"); *United States v. Cortez*, No. CR180085801PHXSPL, 2021 WL 689923, at *1 (D. Ariz. Feb. 23, 2021) ("The Court cannot conclude, particularly in light of his vaccination, that Defendant's current exposure to COVID-19 presents 'extraordinary and compelling reasons' to justify his release pursuant to 18 U.S.C. § 3582(c)(1)(A)"); *United States v. McGill*, No. CR SAG-15-0037, 2021 WL 662182, at *4-5 (D. Md. Feb. 19, 2021) (denying compassionate release because defendant had previously been infected with COVID-19 and had been fully vaccinated); *United States v. Wakefield*, No. 1:19-CR-00095-MR-WCM, 2021 WL 640690, at *3 (W.D.N.C. Feb. 18, 2021) ("Because he has already contracted the virus and recovered without complication, and because he is in the process of being vaccinated, the Defendant cannot meet his burden of establishing that his COVID-19 risk is an extraordinary and compelling reason for his release"); *United States v. Johnson*, No. 94 CR. 631 (PGG), 2021 WL 640054, at *5 (S.D.N.Y. Feb. 18, 2021) (no extraordinary and compelling reasons exist because "[t]he Defendant's vaccination mitigates the risks that he would otherwise face from the COVID-19 virus"); *United States v. Green*, No. CR415-204, 2021 WL 640824, at *2 (S.D. Ga. Feb. 18, 2021) (no extraordinary

9

It is, of course, possible that future research will demonstrate that current, or future, COVID-19 variants mitigate the effectiveness of the Moderna vaccine to such an extent that the vaccine no longer provides individuals with effective protection. However, Singh has not demonstrated that such is the case today and, it bears emphasizing, the burden falls upon Singh to demonstrate that compassionate release is warranted.[37] Consequently, Singh's motion will be denied. Singh may file an additional motion for compassionate release should future evidence demonstrate that new COVID-19 variants render the Moderna vaccine significantly less effective at

---

and compelling reasons exist because, "[i]n light of the fact that Defendant will be vaccinated against COVID-19, Defendant's probability of becoming ill from COVID-19 is significantly diminished" (internal quotation marks omitted)); *United States v. Grummer*, No. 08-CR-4402-DMS, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) ("Although Defendant suffers from several chronic medical conditions, his vaccination significantly mitigates the risk that he will contract COVID-19"); *United States v. Pabon*, No. 17 CR 312 (JPC), 2021 WL 603269, at *4 (S.D.N.Y. Feb. 16, 2021) (low infection rates at prison "combined with the fact that [defendant] has received both doses of the COVID-19 vaccine, means that the likelihood that [defendant] will contract COVID-19 and become seriously ill is extremely small"); *United States v. Doostdar*, No. CR 18-0255 (PLF), 2021 WL 429965, at *3 (D.D.C. Feb. 8, 2021) ("In light of the fact that [defendant] has received the COVID-19 vaccine, however, as well as the decline in the number of inmates who recently have tested positive for COVID-19 at USP Marion, and [defendant's] impending release to a halfway house, his circumstances lack the extraordinary and compelling character"); *United States v. Beltran*, No. 6:16-CR-00004, 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021) (denying compassionate release in part because defendant had received first dose of COVID-19 vaccine); *United States v. Ballenger*, No. CR16-5535 BHS, 2021 WL 308814, at *4 (W.D. Wash. Jan. 29, 2021) (denying compassionate release based partly on defendant's vaccination); *United States v. Jones*, No. 3:19CR105, 2021 WL 217157, at *5 (E.D. Va. Jan. 21, 2021) ("Considering [defendant] has received the COVID-19 vaccination, the Court believes that he faces reduced risks from the virus, further weighing against his request for compassionate release"). *But see United States v. Manglona*, No. CR14-5393RJB, 2021 WL 808386, at *1 (W.D. Wash. Mar. 3, 2021) (granting compassionate release despite vaccination).

37   *Rengifo*, 2020 WL 4206146, at *2.

preventing serious illness or death from COVID-19, such that Singh is at a substantial risk of serious illness or death from a COVID-19 infection.

## III. CONCLUSION

For the foregoing reasons, Singh's motion for compassionate release will be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge
